# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| ROGER JOSEPH HOFFERT, JR., <br><br> Plaintiff, <br><br> vs. <br><br> KATHY MUNSON, DAVID METTERTIES (DAVE MUETERTHIES), UNKNOWN CASE WORKERS, CENTRAL POINT OF COORDINATION, <br><br> Defendants. | No. C13-2052-LRR <br><br> INITIAL REVIEW ORDER |

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on July 3, 2013. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983.

## I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

Based on the plaintiff's application to proceed in forma pauperis, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected

even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the information that the plaintiff provided, the court finds that the initial partial filing fee is $1.00. *Id*. The plaintiff shall submit $1.00 by no later than November 29, 2013. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. THE PLAINTIFF'S COMPLAINT

Read liberally, the plaintiff's complaint appears to assert an equal protection claim based on his mental illness and/or a ADA Title II claim based on the discriminatory denial

2

of services. In light of the facts alleged by the plaintiff and the law, the court is doubtful that the plaintiff states a claim upon which relief can be granted. *Cf. Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 820-21 (8th Cir. 2011); *Meagley v. City of Little Rock*, 639 F.3d 384, 387-90 (8th Cir. 2011); *Mathers v. Wright*, 636 F.3d 396, 401-02 (8th Cir. 2011); *Flowers v. City of Minneapolis*, 558 F.3d 794, 798-800 (8th Cir. 2009); *Buchanan v. Maine*, 469 F.3d 158, 170-78 (1st Cir. 2006); *Barstad v. Murray County*, 420 F.3d 880, 884-87 (8th Cir. 2005); *Costello v. Mitchell Pub. Sch. Dist. 79*, 266 F.3d 916, 921-22 (8th Cir. 2001). Nonetheless, the court is unable to determine as a matter of law whether the plaintiff's complaint is frivolous, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). Consequently, the court is of the opinion that the matter is best addressed after receipt of an answer or any dispositive motion deemed appropriate. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Money v. Moore*, 877 F.2d 9, 10 (8th Cir. 1989). The clerk's office shall serve the complaint on the defendants and mail a copy of the complaint to the Iowa Attorney General without the prepayment of fees and costs. A copy of this order is to accompany the documents being served. The Iowa Attorney General shall notify the court immediately if he lacks the consent of the defendants to appear generally on their behalf and submit to the jurisdiction of the court. The defendants shall file an answer or other dispositive motion by no later than November 29, 2013.

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $1.00 by no later than November 29, 2013. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The clerk's office is directed to serve the complaint on the defendants and mail a copy of the complaint to the Iowa Attorney General without the prepayment of fees and costs. A copy of this order is to accompany the documents being served. The Iowa Attorney General is directed to notify the court immediately if he lacks the consent of the defendants to appear generally on their behalf and submit to the jurisdiction of the court. The defendants are directed to file an answer or other dispositive motion by no later than November 29, 2013.

**DATED** this 29th day of October, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Iowa Medical and Classification Center, Coralville, Iowa**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Roger Joseph Hoffert, Jr, #1026352, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Hoffert v. Munson*, Case No. C13-2052-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $1.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa

## NOTICE OF LAWSUIT and REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| ROGER JOSEPH HOFFERT, JR., | |
| Plaintiff, | No. C13-2052-LRR |
| vs. | |
| KATHY MUNSON, DAVID METTERTIES (DAVE MUETERTHIES), UNKNOWN CASE WORKERS, CENTRAL POINT OF COORDINATION, | |
| Defendants. | |

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

     Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: _____.

     I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this _____, 2013.

                                                                                  Signature (Clerk's Office Official)
                                                                                       Northern District of Iowa

# ACKNOWLEDGMENT OF RECEIPT OF
# NOTICE OF LAWSUIT,
# and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after _____, to the United States Clerk's Office in the envelope provided.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

ROGER JOSEPH HOFFERT, JR.,

    Plaintiff,

vs.

KATHY MUNSON, DAVID METTERTIES (DAVE MUETERTHIES), UNKNOWN CASE WORKERS, CENTRAL POINT OF COORDINATION,

    Defendants.

No. C13-2052-LRR

---

    I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

    I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after _____, (the date Notice, Waiver and corresponding documents were sent).

Date _____  Signature _____
                 Printed name _____
                 As _____ of _____
                      (Title)        (Entity)

Date _____  Signature _____
                 Printed name _____
                 As _____ of _____
                      (Title)        (Entity)

**Address Form**

Case Number: C13-2052-LRR                     Date: October 29, 2013

To:    Clerk of Court
RE:    Service on Named Defendant

    Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:    **Kathy Munson**
1407 Independence Ave
Waterloo, Iowa 50703

**David Metterties (Dave Mueterthies)**
**Black Hawk-Grundy Mental Health Center**
3251 West 9th Street
Waterloo, Iowa 50702

**Iowa Department of Human Services**
**Central Point of Coordination**
1407 Independence Ave
Waterloo, Iowa 50703