IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

ROGER JOSEPH HOFFERT, JR.,

    Plaintiff,

vs.

KATHY MONSON, DAVE MUETERTHIES, UNKNOWN CASE WORKERS, CENTRAL POINT OF COORDINATION,

    Defendants.

No. C13-2052-LRR

ORDER

---

This matter is before the court on the plaintiff's motion to add defendants (docket no. 7), motion to appoint counsel (docket no. 8) and motion for extension of time to submit initial partial filing fee (docket no. 9). The plaintiff filed those motions on November 25, 2013. Also before the court is a motion for extension of time to file an answer (docket no. 12). Floyd County filed such motion on November 27, 2013.

With respect to the plaintiff's motion for extension of time to submit initial partial filing fee (docket no. 9), the court previously indicated in its October 29, 2013 order that the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. *See* 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Further, the plaintiff does not make clear by what date or period of time he will be able to submit the initial partial filing fee. Nevertheless, in light of the fact that the plaintiff appears to be unable to submit the initial partial filing fee, the court deems it appropriate to forgo collecting the initial partial filing fee and to require the plaintiff to just make monthly payments of 20 percent of the preceding month's income credited to his account.

*See* 28 U.S.C. § 1915(b)(2). Accordingly, the plaintiff's motion for extension of time to submit initial partial filing fee (docket no. 9) is denied as moot. The institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00. The clerk's office is directed to send a copy of this order to the appropriate official at the place where the plaintiff is an inmate.

Concerning the plaintiff's request to have counsel appointed to assist him, appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 42 U.S.C. § 1983, it is not required to appoint an attorney. *See Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *see also Taylor v. Dickel*, 293 F.3d 427, 428 (8th Cir. 2002) (discussing 28 U.S.C. § 1915(e)(1)); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record in this action, the court finds that the plaintiff will benefit from the assistance of counsel. Accordingly, the plaintiff's motion to appoint counsel (docket no. 8) is granted. The clerk's office is directed to appoint Jay Denne to represent the plaintiff. The cost for such appointment shall be paid from the Library Fund and shall be consistent with the contract that applies in this district.

Lastly, in light of the record, the court is of the opinion that the matter is best addressed by requiring the plaintiff, by and through appointed counsel, to file an amended and substituted complaint. The plaintiff is directed to file by no later than January 3, 2014 an amended and substituted complaint specifically setting forth pertinent facts, if they exist,

that state a cognizable claim and naming those specific persons who allegedly violated the law. If the plaintiff fails to file an amended and substituted complaint by January 3, 2014, this action will be dismissed. Accordingly, the plaintiff's motion to add defendants (docket no. 7) and Floyd County's motion for extension of time to file an answer (docket no. 12) are denied without prejudice.

**IT IS SO ORDERED**
DATED this 2nd day of December, 2013.

_____
JON STUART SCOLES
Chief Magistrate Judge
UNITED STATES DISTRICT COURT