# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ROGER JOSEPH HOFFERT, JR., <br><br> Plaintiff, <br><br> vs. <br><br> FLOYD COUNTY CENTRAL POINT OF COORDINATION, KATHY MONSON, DAVID MUETERTHIES, BOB LINCOLN, BLACK HAWK COUNTY COMMUNITY SERVICES OFFICE and BLACK HAWK COUNTY CENTRAL POINT OF COORDINATION, <br><br> Defendants. | No. 13-CV-2052-LRR <br><br> **ORDER** |

_____

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. RELEVANT FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . 3

IV.  SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . . . . . . . 4

V.   ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     A.  *Civil Rights Claims Under 42 U.S.C. § 1983* . . . . . . . . . . . . . . . . 6
         1.  Applicable law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
         2.  Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
             a.  *42 U.S.C. § 1983 claim against Mueterthies* . . . . . . . . 8
             b.  *42 U.S.C. § 1983 claim against individual
                 BHC Defendants* . . . . . . . . . . . . . . . . . . . . . . . . . 9
             c.  *42 U.S.C. § 1983 claim against BHC entities* . . . . . . . 11
     B.  *ADA Discrimination Claim Under 42 U.S.C. § 12132* . . . . . . . . . . 12
         1.  Applicable law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
         2.  Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

|   |    |                                                              |    |
|---|----|--------------------------------------------------------------|----|
|   | a. | *ADA discrimination claim against Mueterthies* .......       | *13* |
|   | b. | *ADA discrimination claim against individual BHC defendants* ........................... | *13* |
|   | c. | *ADA discrimination claim against BHC entities* ..... | *14* |
| VI. | CONCLUSION | ................................................ | *14* |

## I. INTRODUCTION

The matters before the court are Defendant David Mueterthies's "Motion for Summary Judgment" ("Mueterthies Motion") (docket no. 35) and Defendants Kathy Monson, Bob Lincoln, Floyd County Central Point of Coordination, Black Hawk County Community Services Office and Black Hawk County Central Point of Coordination's (collectively, "BHC") "Motion for Summary Judgment" ("BHC Motion") (docket no. 36).

## II. PROCEDURAL HISTORY

On January 17, 2014, Plaintiff Roger Joseph Hoffert, Jr. filed an Amended and Substituted Complaint ("Complaint") (docket no. 20), alleging that Mueterthies and BHC violated his civil rights in violation of 42 U.S.C. § 1983 and unlawfully discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12132. On October 10, 2014, Mueterthies filed the Mueterthies Motion. On October 14, 2014, BHC filed the BHC Motion. On November 3, 2014, Plaintiff Roger Joseph Hoffert, Jr. filed a Resistance (docket no. 41) to the Mueterthies Motion, and on November 7, 2014, Hoffert filed a Resistance (docket no. 42) to the BHC Motion.[1] On November 10, 2014, both Mueterthies and BHC filed Replies (docket nos. 43 and 44, respectively).

---

[1] In the Resistances, Hoffert does not appear to dispute Mueterthies's Statement of Undisputed Material Facts or BHC's Statement of Undisputed Material Facts.

2

## III. RELEVANT FACTUAL BACKGROUND[2]

Hoffert has been diagnosed with various mental health conditions, including anti-social personality disorder and schizophrenia, and exhibits a history of aggression, assaultive behavior, alcohol usage and drug usage. Complaint (docket no. 20) ¶ 10; Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶ 56; BHC's Statement of Undisputed Material Facts (docket no. 36-1) ¶ 6. Hoffert was released from prison on February 8, 2014, whereafter he sought and obtained treatment in the mental health unit of a hospital on multiple occasions. Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶¶ 1, 5; BHC's Statement of Undisputed Material Facts (docket no. 36-1) ¶¶ 1, 5. During this treatment, Hoffert expressed interest in placement in a residential facility but then decided that he did not want residential placement. Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶ 60; BHC's Statement of Undisputed Material Facts (docket no. 36-1) ¶ 5. Instead, Hoffert wanted to be discharged from the hospital so that he could find an apartment. Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶ 62. On April 1, 2014, Hoffert left the hospital against medical advice. *Id.* ¶ 63. Prior to leaving the hospital, Hoffert had not completed the necessary intake process to be considered for placement in a residential program. BHC's Statement of Undisputed Material Facts (docket no. 36-1) ¶ 7. However, even if he had completed the intake process, it would have been difficult to place Hoffert in a residential program given his history of violence and substance abuse. Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶¶ 52-59; BHC's Statement of Undisputed Material Facts (docket no. 36-1) ¶ 9. On April 2, 2014, Hoffert committed a theft and is currently incarcerated for that offense. Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶¶ 2-3; BHC's Statement of Undisputed Material Facts (docket no. 36-1) ¶ 1. Hoffert contends that he would not have committed

---

[2] The court only briefly recites the facts as they relate to Hoffert's claims. The court addresses additional facts when relevant to its analysis.

that offense had he been placed in a residential facility after leaving the hospital. Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶ 8.

During the relevant time period, Mueterthies was an employee of Black Hawk-Grundy Mental Health Center, which is a private, nonprofit organization. Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶¶ 16-17. Mueterthies worked in the organization's Homeless Program Outreach to help establish mental health treatment and housing for those who have been released from prison. Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶¶ 18-19. Several counties in Iowa, including Black Hawk County and Floyd County, are members of a joint consortium, County Social Services ("CSS"), that provides mental health and disability services, which sometimes includes funding for, and placement in, residential facilities. BHC Appendix, Volume II (docket no. 36-3) at 5. During the relevant time period, Kathy Monson was employed as a CSS Service Coordinator, and her employment was supervised by Bob Lincoln. BHC Appendix, Volume III (docket no. 36-4) at 61, 66-67.

## IV. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986)). "[S]elf-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r*, 614 F.3d 799, 807 (8th Cir. 2010). "To survive a motion for summary judgment, the nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011) (alterations in original) (quoting *Putman v. Unity Health Sys.*,

4

348 F.3d 732, 733-34 (8th Cir. 2003)). The court must view the record "in the light most favorable to the nonmoving party" and afford him all reasonable inferences. *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 819 (8th Cir. 2011).

For a nonmoving party to properly resist a motion for summary judgment, Local Rule 56(b) provides that:

> A response to an individual statement of material fact that is not expressly admitted must be supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the resisting party's refusal to admit the statement, with citations to the appendix containing that part of the record. The failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact.

LR 56(b). Hoffert has not resisted the Mueterthies Motion or BHC Motion by furnishing evidence, citations or other reasons for resisting it. Hoffert's failure to resist the Mueterthies Motion and BHC Motion constitutes an admission to each of the facts set forth in the Statements of Undisputed Facts in support of the Motions. *See* Fed. R. Civ. P. 56(e)(2)-(4) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[,] . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[,] or . . . issue any other appropriate order.").

## V. ANALYSIS

Hoffert claims that Mueterthies and BHC interfered with, and denied his receipt of, funding for placement in the Adult Crisis and Stabilization Center's residential program. Hoffert contends that the interference and denial of funding amounted to a civil rights violation under 42 U.S.C. § 1983. Specifically, Hoffert alleges violations of his right to equal protection, his right to due process and his right to be free from excessive bail. Additionally, Hoffert argues that the interference and denial of funding amounted to

5

discrimination under the Americans with Disabilities Act ("ADA") in violation of 42 U.S.C. § 12132.

### A. Civil Rights Claims Under 42 U.S.C. § 1983

Hoffert advances several constitutional claims, including that his right to equal protection, to due process and to be free from excessive bail have been violated.

### 1. Applicable law

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. 42 U.S.C. § 1983 was designed to provide "a broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "[O]ne cannot go into court and claim a 'violation of [42 U.S.C.] § 1983'—for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of the "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (stating that 42 U.S.C. § 1983 "merely provides 'a method for vindicating federal rights elsewhere conferred'"); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) (noting that the phrase "Constitution and laws" means that 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statutes, as well as those created by the Constitution).

Thus, "[t]o state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution [or] laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, a municipal entity "cannot be held liable under [42 U.S.C.] § 1983 on a respondeat superior theory" merely by employing someone who inflicts some constitutional injury. *Monell*, 436 U.S. at 691 (emphasis omitted). Rather, a municipal entity may only be held in violation of 42 U.S.C. § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694; *see also Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 582-83 (8th Cir. 2006) ("Under *Monell*, 'a municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom.'" (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999))).

In response to a claim under 42 U.S.C. § 1983, a defendant may assert the defense of qualified immunity. The Eighth Circuit has explained that:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.

*Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citations omitted). "The defense of qualified immunity gives government officials engaged in discretionary activities immunity from liability unless their conduct violates 'clearly established statutory or

7

constitutional rights.'" *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Officials are entitled to qualified immunity only to the extent that 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hedges v. Poletis*, 177 F.3d 1071, 1074 (8th Cir. 1999) (quoting *Harlow*, 457 U.S. at 818). "Qualified immunity is available 'to all but the plainly incompetent or those who knowingly violate the law.'" *Avalos v. City of Glenwood*, 382 F.3d 792, 798 (8th Cir. 2004) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Id.* (quoting *Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004)) (internal quotation marks omitted). When analyzing qualified immunity, the Eighth Circuit has instructed district courts to conduct a two-part inquiry:

> The court must first consider the threshold inquiry of whether the facts alleged, taken in the light most favorable to the party asserting the injury, show the defendants' conduct violated a constitutional right. If a constitutional right has not been violated, it is unnecessary to inquire further regarding qualified immunity. If a violation could be established on the facts alleged, the second inquiry is whether the right was clearly established at the time the violation occurred.

*Id.* (citations omitted).

### 2. *Application*

#### a. *42 U.S.C. § 1983 claim against Mueterthies*

Mueterthies is employed by the Black Hawk-Grundy Mental Health Center, which is a private, nonprofit organization. Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶¶ 16-17. "[42 U.S.C. §] 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974)). "If the action of [a defendant] was purely private action, then [42 U.S.C. §] 1983 affords no basis for federal jurisdiction and [the claim must be]

dismissed for lack of subject matter jurisdiction." *Lubin v. Crittenden Hosp. Ass'n*, 713 F.2d 414, 415 (8th Cir. 1983); *see also Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 740 (8th Cir. 1999) (concluding that a plaintiff could not assert claims under 42 U.S.C. § 1983 because a private corporation and private individuals were not state actors). Here, the undisputed facts concerning Mueterthies do not establish state action. *See Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) (concluding that the plaintiff failed to state a legally cognizable claim under 42 U.S.C. § 1983 because allegations pertaining to a private individual did not show that state action was involved).

Aside from the fact that Mueterthies's purely private actions afford no basis for federal jurisdiction, there is no evidence that Mueterthies, as a private actor, had an agreement or understanding with any state actor to deprive Hoffert of his constitutional rights. *See Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997) (stating that a private actor is only liable under 42 U.S.C. § 1983 if there is evidence of "a mutual understanding, or a meeting of the minds, between the private party and the state actor . . . from which reasonable jurors could conclude that such an agreement was come to" (quoting *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993))). Thus, the court finds that there is no genuine issue of material fact about whether Mueterthies was acting under color of state law. Accordingly, the court shall grant the Mueterthies Motion with respect to the 42 U.S.C. § 1983 claim.

### b. *42 U.S.C. § 1983 claim against individual BHC Defendants*

Hoffert alleges that BHC violated his constitutional rights, including his right to equal protection, to due process and to be free from excessive bail. The individual BHC Defendants, Kathy Monson and Bob Lincoln, argue that they are entitled to qualified immunity because there is no genuine issue of material fact about whether their individual conduct violated Hoffert's constitutional rights.

Equal protection requires "that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To

establish an equal protection violation on the basis of mental disability, Hoffert must demonstrate that the conduct of the individual BHC Defendants was not "rationally related to a[ny] legitimate governmental purpose." *City of Cleburne, Tex.*, 473 U.S. at 446 (holding that classification based on mental disability is subject to rational basis review and, therefore, need only "be rationally related to a legitimate governmental purpose"). The court finds that there is no genuine issue of material fact about whether the individual BHC Defendants' conduct violated Hoffert's equal protection rights. Hoffert never completed the intake process for residential placement, but, even if he had, his exclusion from funding for placement in the program based on his history of violence and substance abuse would be rationally related to the legitimate purpose of prohibiting the admission of individuals with such history due to the safety risks to other participants, the program's staff and Hoffert himself. *See* Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶¶ 52-59; BHC's Statement of Undisputed Material Facts (docket no. 36-1) ¶ 9.

To establish a due process claim, Hoffert must "demonstrate a violation of [his] constitutional substantive due process rights." *Moran v. Clark*, 359 F.3d 1058, 1060 (8th Cir. 2004). "The Due Process Clause is principally a restraint on the power of the government to act, and it 'generally confer[s] no affirmative right to government aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.'" *Lee v. Pine Bluff School Dist.*, 472 F.3d 1026, 1029 (8th Cir. 2007) (quoting *DeShaney v. Winnebago Cnty. Dept. Of Soc. Servs.*, 489 U.S. 189, 196 (1989)). The court finds that there is no genuine issue of material fact about whether the individual BHC Defendants' conduct violated Hoffert's due process rights, as Hoffert has not submitted any evidence indicating that he maintained an affirmative right to funding for placement in the program. *See* BHC's Statement of Undisputed Material Facts (docket no. 36-1) ¶¶ 7, 9.

For a defendant to be free from excessive bail, "the amount of the [fine] must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). The court finds that there is no genuine issue of material fact about whether the individual BHC Defendants' conduct violated Hoffert's right to be free from excessive bail, as Hoffert had not yet committed the theft offense and, thus, was not incarcerated when he was unable to obtain funding for placement in the program. *See* Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶¶ 1-2, 60-65; BHC's Statement of Undisputed Material Facts (docket no. 36-1) ¶ 1. In fact, there is no evidence that Hoffert was subject to any bail. *See* Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶ 60-64. Furthermore, there is no evidence that the individual BHC Defendants have any influence on setting or posting bail.

As Hoffert has failed to show any constitutional violation, the court need not inquire further regarding qualified immunity. However, even if the record established a genuine issue of material fact on the issue of whether Hoffert's constitutional rights were violated, the court finds that there is no evidence indicating that such rights were "clearly established." *Gorman*, 152 F.3d at 914. Thus, the individual BHC Defendants are entitled to qualified immunity. Accordingly, the court shall grant the BHC Motion to the extent that it requests summary judgment in favor of the individual BHC Defendants, Kathy Monson and Bob Lincoln, with respect to the 42 U.S.C. § 1983 claim.

### c. *42 U.S.C. § 1983 claim against BHC entities*

As set forth above, Hoffert has failed to offer evidence of any constitutional violation. However, even if a constitutional violation existed, there is no genuine issue of material fact about whether the violations were the result of an official municipal policy or custom. *See Monell*, 436 U.S. at 694 (requiring such policy or custom for entity liability). Hoffert has offered no evidence to demonstrate that such policy or custom exists. BHC's Statement of Undisputed Material Facts (docket no. 36-1) ¶¶ 6-14. Accordingly, the court shall grant the BHC Motion to the extent that it requests summary

judgment in favor of the county entities, Black Hawk County Central Point of Coordination, Black Hawk County Community Services Office and Floyd County Central Point of Coordination, with respect to the 42 U.S.C. § 1983 claim.

### B. *ADA Discrimination Claim Under 42 U.S.C. § 12132*

#### 1. *Applicable law*

Title 42 U.S.C. § 12132 "provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Gorman*, 152 F.3d at 911-12 (quoting 42 U.S.C. § 12132). "A 'qualified individual with a disability' is broadly defined as any person who 'meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.'" *Id.* at 912 (quoting 42 U.S.C. § 12131(2)). The Eighth Circuit has held that claims under 42 U.S.C. § 12132 may not be brought against individuals but, rather, only against public entities. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010-12 (8th Cir. 1999). "The term 'public entity' is defined to be 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" *Gorman*, 152 F.3d at 912 (quoting 42 U.S.C. § 12131(1)). "To state a prima facie claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).

Even if claims against individuals were cognizable under 42 U.S.C. § 12132, the Eighth Circuit has held that the defense of qualified immunity is available to government officials in their individual capacities in the context of ADA discrimination claims. *See Allison v. Dep't of Corrections*, 94 F.3d 494, 497 n.1 (8th Cir. 1996) ("[I]f individual liability is possible, then qualified immunity should be an available defense for public

officials in the ADA context . . . ."); *Gorman*, 152 F.3d at 914 (allowing qualified immunity defense to ADA discrimination claim and stating that individual government officials are immune "from liability unless their conduct violates 'clearly established statutory or constitutional rights.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))).

### 2. *Application*

#### a. *ADA discrimination claim against Mueterthies*

Mueterthies argues that Hoffert cannot show that he was otherwise qualified for placement in the Adult Crisis and Stabilization Center's residential program. Regardless of whether Mueterthies is subject to individual liability under the ADA, Hoffert undisputedly was not qualified for admission into the residential program, the benefit in question, because of his history of "aggression, assaultive behavior, alcohol usage, and drug usage." Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶¶ 56-59; BHC's Statement of Undisputed Material Facts (docket no. 36-1) ¶ 9. Furthermore, Hoffert never even completed the required intake process for consideration into the program. BHC's Statement of Undisputed Material Facts (docket no. 36-1) ¶¶ 7, 9. Therefore, although Hoffert alleges that he was denied funding for placement in the program based on his mental disability, the court finds that there is no genuine issue of material fact about whether he was "otherwise qualified for the benefit in question." *Randolph*, 170 F.3d at 858. Accordingly, the court shall grant the Mueterthies Motion with respect to the ADA discrimination claim.

#### b. *ADA discrimination claim against individual BHC Defendants*

The individual BHC Defendants argue that they are entitled to qualified immunity because Hoffert's rights under the ADA were not violated. Although the individual BHC Defendants are not subject to individual liability under the ADA, the court finds that there is no genuine issue of material fact about whether the individual BHC Defendants' conduct

violated the ADA because, as set forth above, there is no evidence that he was otherwise qualified for placement in the program. *See* Mueterthies's Statement of Undisputed Material Facts (docket no. 35-2) ¶¶ 56-59; BHC's Statement of Undisputed Material Fact (docket no. 36-1) ¶¶ 7, 9. However, even if the record established a genuine issue of material fact on the issue of whether Hoffert's statutory rights were violated, the court finds that there is no evidence indicating that such rights were "clearly established." *Gorman*, 152 F.3d at 914. Thus, even if the individual BHC Defendants were subject to individual liability under the ADA, they would be entitled to qualified immunity. Accordingly, the court shall grant the BHC Motion to the extent that it requests summary judgment in favor of the individual BHC Defendants, Kathy Monson and Bob Lincoln, with respect to the ADA discrimination claim.

### c. *ADA discrimination claim against BHC entities*

As set forth above, there is no genuine issue of material fact about whether Hoffert's federal rights under the ADA were violated because there is no evidence that he was otherwise qualified to receive funding for placement in the program. *See* Mueterthies Statement of Undisputed Material Facts (docket no. 35-2) ¶¶ 56-59; BHC Statement of Undisputed Material Fact (docket no. 36-1) ¶¶ 7, 9. Accordingly, the court shall grant the BHC Motion to the extent that it requests summary judgment in favor of the entities, Black Hawk County Central Point of Coordination, Black Hawk County Community Services Office and Floyd County Central Point of Coordination, with respect to the ADA discrimination claim.

### VI. CONCLUSION

In light of the foregoing, Defendant David Mueterthies's "Motion for Summary Judgment" (docket no. 35) is **GRANTED** and Defendants Kathy Monson, Bob Lincoln, Floyd County Central Point of Coordination, Black Hawk County Community Services Office and Black Hawk County Central Point of Coordination's "Motion for Summary

Judgment" (docket no. 36) is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants David Mueterthies, Kathy Monson, Bob Lincoln, Floyd County Central Point of Coordination, Black Hawk County Community Services Office and Black Hawk County Central Point of Coordination and against Roger Joseph Hoffert, Jr.  The Clerk of Court is also **DIRECTED** to close the case.

    **IT IS SO ORDERED**.
    **DATED** this 5th day of January, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA